UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,          :
                                                                                       :
    Plaintiff,                                        :
                                                                                       :
v.                                                        :   Case No. 8:14-CV
                                                                                       :
SUZANNE ROBERTSON                    :
                                                                                       :
    Defendant.                                   :

## **COMPLAINT**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Complaint and alleges as follows:

1. This is a civil action brought by the United States of America for the recovery of money owed to the United States by defendant Suzanne Robertson as the result of unpaid student loans.

2. Defendant executed the promissory note for the loan, and the United States is the present holder of the defaulted loan debt.  A copy of the promissory note is attached hereto as Exhibit A.

3. This Court has jurisdiction by virtue of 28 U.S.C. § 1345.

4. Defendant Suzanne Robertson is a resident of Auburndale, Florida, and venue is proper in this Court by virtue of 28 U.S.C. § 1391.

5. As of July 16, 2014, the defendant owes the United States the sum of $51,587.49.  This consists of principal in the amount of $22,412.91, plus interest in the amount of $29,174.58.  Interest accrues on the total principal

amount of this debt at the current rate of 9 percent per annum.  The Certificate of Indebtedness is attached hereto as Exhibit B.

WHEREFORE, the United States respectfully requests judgment against Defendant in the following amounts:

a. For principal in the amount of $22,412.91, together with accrued interest in the amount of $29,174.58, as of July 16, 2014.  Interest accrues on the total principal amount of this debt at the rate of 9 percent per annum, until the date of judgment.

b. For interest from the date of judgment at the legal rate until paid in full;

c. For such other costs of litigation otherwise allowed by law; and

d. For such other and further relief as justice requires.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: s/ Suzanne C. Nebesky
SUZANNE C. NEBESKY
Assistant United States Attorney
Florida Bar Number: 59377
Financial Litigation Unit -EZD
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 274-6105
Facsimile:   (813) 274-6247
E-Mail:  FLUDocket.mailbox@usdoj.gov

Dated:  October 2, 2014

**STUDENT LOAN MARKETING ASSOCIATION**
**SMART LOAN Originations Center**
P.O. Box 1304
Merrifield, Virginia 22116-1304

The SMART LOAN Account

NOV 23 1992

Sallie Mae 7/1/92
8: First Wachovia SFS 10/5/92
Fleet Nat'l Bank (Sa)-Ma 7/1/92
GRACE END DATE
Barnett Bank 8/1/92

# Application/Promissory Note
(Failure to complete all information will result in processing delays.)

## Section I: Personal Information

1. Harman, Suzanne M.
1A. Suzanne Hellmann
2. 
3. 
4. 
4A. Same
   City: Lakeland  State: FL  Zip: 33803
   Graduation Date: 12/14/91
4B. 

Name and Address of a Relative Who Does Not Live With Me
6. Hellmann, Sandra G.
   Auburndale, FL 33823

Name and Address of a Non-Relative
7. Callender, Gina L.
   Winter Haven, FL 33880

My Employer is:
5. La Petite Academy
   894 Colt Drive
   Winter Springs, FL 32765

## Section II: Student Loan Information (Please read instructions carefully.)

| 8. NAME AND ADDRESS OF CREDITOR | 9. TO BE CONSOLIDATED Yes/No | 10. TYPE OF LOAN | 11. INTEREST RATE | 12. DATE OF DISBURSEMENT MONTH/YEAR | 13. ACCOUNT NUMBER | 14. ESTIMATED CURRENT OUTSTANDING BALANCE |
|---|---|---|---|---|---|---|
| 1. Sallie Mae Loan Servicing Ctr. P.O. Box 1650 Merrifield, VA 22116 | ✓ | Stafford | 8 | 8/16/91 | 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 | 1750.00 |
| 2. Univ. of Central Florida - First Wachovia SFS, Inc. P.O. Box 70095 Charlotte, N.C. 28722-0095 | ✓ | Perkins | 5 | 8/16/91 | N0626-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-01 | 600.00 |
| 3. Fleet National Bank / Sallie Mae P.O. Box 1650 Merrifield, VA 22116 | ✓ | Stafford | 8 | 9/8/90 12/10/90 | 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 | (2000.00 ea term) 4000.00 |
| 4. Barnett Bank / Student Loan Serv. P.O. Box 53318 Jacksonville, FL 32201 | ✓ | Stafford | 8 | 10/08/87 12/23/87 11/3/88 12/22/88 6/1/89 9/30/89 3/16/90 | 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 | 1250.00 1250.00 1250.00 1250.00 1250.00 1250.00 |

If any of the loans indicated above are Stafford/GSL and if you are currently in your grace period on these loans and would like to postpone repayment until after your grace period ends, please complete the upper right hand corner of the application (Item 8?), by writing the word "grace" and indicating the date your grace period will end.  5/1/90

(If you need to list additional loans, attach another sheet.)  2000.00

To Sallie Mae: By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended ("The Act"). If Sallie Mae accepts this application, it is my understanding Sallie Mae will advance funds on my behalf to creditors who currently hold eligible loans named above which I herein select for consolidation in my SMART LOAN Account. The funds so advanced by Sallie Mae will be disbursed to the holder(s) of the loans designated above in order to pay off those loans. I further understand that the amount of my SMART LOAN will equal the sum of the amounts which my creditors verify are the pay-off balances on the selected loans. The amount may be more or less than the estimated total balance I have indicated above. If the verified total balance on loans to be consolidated equals my estimate by $750 or more, Sallie Mae will notify me before originating my loan. If the amount that Sallie Mae advances to my lender exceeds the amount needed to pay off my balance, I understand that the lender will refund the excess to Sallie Mae for application against the outstanding balance of my SMART LOAN Account. If the amount that Sallie Mae advances to my lender(s) is less than the amount needed to pay off my balance(s), I agree to either pay off the remaining balance or to take such action as Sallie Mae deems appropriate to authorize Sallie Mae to include the remaining amount in my SMART LOAN. If I am consolidating ALAS (now called SLS, Supplemental Loans for Students) loans or 8/10% Stafford/GSL and my interest rate on my consolidation loan is higher than 9%, Sallie Mae will notify me prior to originating the SMART LOAN.

## Section III: REPAYMENT OPTIONS/Combined Payment Plan

**All Borrowers: Check One**

15. ☐ I choose the MAX-2 OPTION with two years of interest-only payments.
    ☑ I choose the MAX-4 OPTION with four years of interest-only payments.
    ☐ I choose a LEVEL PAYMENT PLAN.

**HEAL Borrowers:**

16. ☑ Yes, I am applying for a Combined Payment Plan. Please include in this plan HEAL loans listed above which are owned by Sallie Mae.

Section IV.

EXHIBIT A

## Section IV • General Information (Please read and sign in *both* places indicated.)

**17.** **PROMISE TO PAY**

I, the undersigned borrower, promise to pay to the Student Loan Marketing Association (Sallie Mae) at Student Loan Marketing Association, P.O. Box 1650, Merrifield, VA 22116 (or at such other address as designated by Sallie Mae) such loan amount as is advanced on my behalf, to pay daily simple interest on the unpaid principal balance thereof at the rate described on the reverse side hereof, all in accordance with a repayment schedule to be furnished to me, and to pay all late charges, reasonable attorney's fees, and other costs permitted by law and incurred by Sallie Mae in the collection of any amount not paid when due. I understand that the amount of my loan will be based on the payoff balances of loans selected for consolidation as provided by the creditors of such loans and may exceed any estimate of such pay-off balances. My signature below certifies that I have read, understood, and agreed to the conditions and authorizations stated in the terms hereon and on the reverse side hereof and have received a copy of this application/promissory note.

**APPLICANT CERTIFICATION**

By my signature I certify that I am in repayment status or in a grace period preceding repayment, and not ninety days or more delinquent on any of the loans I have chosen for consolidation that are listed above. All of the loans selected for consolidation have been made to me to finance my education. I also certify that (1) I have no consolidation loan application pending with another lender and (2) if Sallie Mae does not hold any of my loans selected for consolidation in the section above or (if I have checked yes in the box above) any of my HEAL loans, I have sought and been unable to obtain a consolidation loan from the holder(s) of the loans for consolidation. I further certify that I do not owe a refund on any Pell Grant or Supplemental Educational Opportunity Grant, and that I am not in default on any Stafford/GSL, Perkins/NDSL, SLS/ALAS, PLUS, or consolidation loan.

I certify that the above information is true and correct. I have read the material and understand my rights and responsibilities under the loan consolidation program.

This application/promissory note will be governed by Federal law applicable to consolidation loans.

**CRIMINAL PENALTIES**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties, which may include fines or imprisonment under the United States Criminal Code and Section 490 of the Act.

**18.** x [signature] 11/15/92

SLMA-A

**PERMISSION TO VERIFY LOAN BALANCES**

To Whom It May Concern: I hereby authorize you to release to Sallie Mae, for purposes of verifying student loan information in order that I may consolidate my student loans into a consolidation loan or enter into a combined payment plan pursuant to the Higher Education Act of 1965, as amended, any information concerning my student loans that Sallie Mae requests in connection with such loan consolidation or combined payment plan. This information is for the use of Sallie Mae in consolidating my student loans. A copy of this authorization may be deemed to be an original.

Your prompt reply and cooperation will help to expedite my loan consolidation. Thank you.

**19.** x [signature] 11/15/92 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

## SALLIE MAE COPY

### STATEMENT OF RIGHTS AND RESPONSIBILITIES

**Change of Address** I agree to notify Sallie [illegible] promptly concerning any change of address.

**Evidence of Loan** This application/promis[illegible] is evidence of a consolidation loan made pursuant [illegible] Section 428C of the Act. (defined above).

**Security and Endorsement; Defenses** This loan is made without security and without endorsement, except that if I am a minor and this application/promissory note would not, under applicable law create a binding legal obligation, endorsement may be required. I understand that, by accepting a consolidation loan, I undertake a new obligation, which is not subject to any defenses I might have with respect to the loans selected for consolidation. A delay or failure to enforce my obligations under this Note shall not constitute a waiver of the lender's or other holder's rights to enforce such obligations in the future. No provisions of this Note can be waived or modified except in writing.

**Interest**

1. This loan will bear interest at an annual rate which is fixed for the term of the loan. If all the loans I am consolidating bear interest at a rate of nine percent or less, the interest rate on the SMART LOAN* Account will be nine percent per annum. If any of my fixed rate SLS/ALAS loans are to be consolidated, they will first be refinanced at the rate specified in Section 427A(c)(4) of the Act, if that rate is lower than my current fixed rate on such SLS/ALAS loans, and then be immediately consolidated with the SMART LOAN Account. I will not receive any separate documentation evidencing refinanced SLS/ALAS loans. The interest rate on SMART LOAN Accounts that include SLS/ALAS loans or Stafford/GSL loans bearing interest at 10% will be the greater of (a) nine percent per annum or (b) the weighted average of all the loans consolidated, rounded to the nearest whole percent.
2. I will pay all interest that accrues on this loan commencing on the date of disbursement. The government will not pay interest that accrues during deferment periods on my behalf.
3. Sallie Mae may add interest that is not paid when due and interest that accrues during authorized deferment and forbearance periods to the unpaid principal balance of this loan no more frequently than annually and, in the case of deferment or forbearance, at the beginning of the recommencement of the repayment period.

**Grace Period and Repayment of Principal** My first payment will be due within sixty days of the date of disbursement of my SMART LOAN Account unless I am eligible for deferment as described below. The repayment schedule to be furnished to me will establish repayment terms, including the length of the repayment period, based on information I have furnished on this application/promissory note. The minimum installment payment is equal to not less than the accrued unpaid interest. By consolidating the selected loans, I forego the remainder of any grace periods on such loans. Sallie Mae may adjust my repayment schedule if it determines that any of the loans listed herein are not eligible or do not qualify as "other student loans" for purposes of determining the repayment period.

My repayment period will be between 10 and 25 years in length, depending on the amount of my student loan indebtedness, and any period for which Sallie Mae has granted a deferment or forbearance will not be included in determining the 10- to 25-year period.

**Deferment** To the extent authorized by federal statute, payments of principal will be deferred, but interest will accrue, in the following circumstances:

1. While I am pursuing
   - A. A full-time course of study as determined by an eligible institution;
   - B. At least a half-time course of study as determined by an eligible institution, provided that I have received a loan under the Stafford/GSL or SLS/ALAS program for that enrollment period;
   - C. A course of study in a graduate fellowship program approved by the U.S. Secretary of Education; or
   - D. An approved course of study in a rehabilitation training program for disabled individuals approved by the U.S. Secretary of Education.
2. For a period not in excess of three years during which
   - A. I am temporarily totally disabled, as established by sworn affidavit of a qualified physician; or
   - B. I am unable to secure employment by reason of the care required by a spouse or dependent who is temporarily totally disabled, as established by sworn affidavit of a qualified physician.
3. For not in excess of 24 months, at my request, during which I am seeking and unable to find full-time employment in the United States.

Any period of authorized deferment shall not be included in determining the repayment period. To be granted a deferment, I must provide Sallie Mae with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists. I understand that, by consolidating the selected loans, I forego certain deferments allowable for such loans.

**Prepayments** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time.

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act 1981 (10 U.S.C. 2141, note). I understand that questions concerning such circumstances should be addressed to my local service recruiter. These circumstances are part of a recruiting program and do not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Suzanne M Robertson
Aka: Suzanne M Harmon
Aka: Suzanne Hellmann

Auburndale, FL 33823-2019
Account No.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/16/14.

On or about 11/15/92, the borrower executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Student Loan Marketing Association (Sallie Mae), Merrifield, VA. This loan was disbursed for $17,943.56 on 02/03/93, at 9.00 percent interest per annum. The loan obligation was guaranteed by American Student Assistance, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 02/20/96, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount $22,412.91 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/15/05, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $6,404.96 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $22,412.91 |
| Interest: | $29,174.58 |
| Total debt as of 07/16/14: | $51,587.49 |

Interest accrues on the principal shown here at the rate of $5.52 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 08/14/14

Delfin M. Reyes
Loan Analyst
Litigation Support

EXHIBIT B